## Jones & Laughlin Steel Company, Appellee, v. Andrew J. Graham, Appellant.

### Gen. No. 19,891.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Jones & Laughlin Steel Company, a corporation, against Andrew J. Graham to compel the payment of certain notes. It appeared that Jones & Laughlin, Limited, a partnership or joint stock association and other creditors obtained judgments against one William D. Kent of Chicago. Executions on said judgments were placed in the hands of the sheriff and a sale was to be made when an agreement was entered into with Graham, a friend of Kent's whereby Jones and Laughlin in effect agreed that they would release their lien on Kent's property in consideration that Graham would purchase such property, cause a corporation of $25,000 capital stock to be organized, transfer the property free from all liens to said corporation in consideration of receiving fifty-one per cent. of the capital stock thereof, and would cause

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the corporation to execute and deliver to Jones and Laughlin its collateral notes in exchange for the personal notes of Kent then held by them, and cause to be deposited with some trust company to be agreed upon said fifty-one per cent. of said capital stock as collateral security for the payment of said notes; otherwise Graham should pay the Kent notes. A similar agreement was entered into with William P. Rend and Edwin Walker, a copartnership as W. P. Rend & Company, who were creditors. The evidence showed that while the corporation, W. D. Kent Iron Company, was formed and executed the notes provided for in the contract, Graham did not cause said notes to be delivered to Jones and Laughlin, though delivery was demanded. Neither was fifty-one per cent. of the stock deposited with a trust company as agreed upon, though the creditors agreed upon a certain company of which Graham and the corporation had knowledge. Later Jones and Laughlin, for a valuable consideration and by written assignment, assigned their interest in the contract to Jones & Laughlin Steel Company.

This suit was brought to compel the alternative promise to pay the amount of the notes, and a similar suit was brought by William P. Rend, successor to the copartnership of W. P. Rend & Company. The two cases were tried before a court without a jury, the issues being found in favor of the plaintiff. The court assessed the damages of the Jones & Laughlin Steel Company at the sum of $2,712.32, overruled motions for new trial and in arrest of judgment, and entered judgment against Graham, who brings this appeal.

WILLIAM A. DOYLE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 5*—*what is test as to whether promise is original or collateral.* In an action on a contract where the question involved is whether the promise is original or collateral, the test is whether the credit is given to the person sought to be charged or someone else.

2. TENDER, § 2*—*when necessary.* Under a contract whereby a person agreed to deliver notes of a corporation to another in exchange for individual notes held by such other or pay the amount of said notes, and the person never tendered such notes, the other party was not required to prove a tender of the individual notes before recovering on the alternative promise to pay the amount of such notes.

3. ASSIGNMENTS, § 1*—*what contracts are assignable.* A contract whereby a person agrees to deliver notes of a corporation to another in exchange for individual notes held by such other, or pay the amount of such notes, is assignable by the payee.

4. JUDGMENT, § 649*—*what is proper method of releasing lien.* Where a judgment creditor agreed to release his lien in consideration of an agreement with a third party by which the debt was to be paid, it was immaterial that the lien was released by such creditor instead of being assigned to the third party and released by him, especially since the arrangement adopted was suggested by the third party's agent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.